IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JERRY C. RIGGLEMAN,**

    **Petitioner,**

    v.                                       Civil action no. 2:05CV17
                                             Criminal action no. 2:02CR14

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On February 25, 2005, the *pro se* petitioner, an inmate at FPC-Cumberland, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.

This matter, which is pending before me for initial review and report and recommendation pursuant LR PL P 83.15, is ripe for review.

**A. Conviction and Sentence**

On July 19, 2002, the petitioner signed a plea agreement in which he agreed to pled guilty to distribution of 2.76 grams of cocaine hydrochloride in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C). The parties stipulated to relevant conduct of 510.01 grams of substances containing a detectable amount of methamphetamine and 2.034 kilograms of cocaine hydrochloride. The petitioner also waived his right to appeal or collaterally attack any sentence which is at a guideline level of 32 or less.

On October 10, 2002, the petitioner entered his plea in open court. On May 30, 2003, the

petitioner appeared before the Court for sentencing. The Court found that the petitioner's relevant conduct was 894.24 kilograms of marijuana. The Court found a total offense level of 25 based on a two-level decrease pursuant to U.S.S.G. §2D1.1(b)(6) and a three-level decrease pursuant to U.S.S.G. §3E1.1(a) and (b). The Court determined that the petitioner had a criminal history category of I and the sentencing guidelines provided a range of 57-71 months imprisonment. The Court sentenced the petitioner to 65 months imprisonment. The petitioner did not appeal his conviction and sentence.

## B. Federal Habeas Corpus

In his §2255 motion, the petitioner asserts that he pled guilty to distribution of 2.76 grams of cocaine base and that the Court improperly enhanced his sentence when the judge found he was responsible for 894.24 kilograms of marijuana. The petitioner asserts that his sentence is erroneous in light of United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005), and thus, he should be re-sentenced.

## II. ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[1]

The limitation period shall run from the last of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

>States is removed, if the movant was prevented from making a motion by
>such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme
>Court, if that right has been newly recognized by the Supreme Court and
>made retroactively applicable to cases on collateral review[2]; or
>
>(4) the date on which the facts supporting the claim or claims presented could
>have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

The petitioner makes no allegations that the government impeded his ability to file a §2255 motion or that his claims are based on newly discovered facts. Thus, subsections 2 and 4 do not apply to the instant case. Subsection 1 is generally determinative as to when the statute of limitations began. The undersigned also finds that subsection 3 is applicable in this case because the petitioner is raising a Booker claim.

With regard to subsection 1, the Court entered its Judgment and Conviction Order on May 30, 2003. The petitioner did not file an appeal. For purposes of the one-year limitations period for filing motions to vacate, the petitioner's conviction became final on the date on which the district court entered his judgment of conviction because the petitioner did not pursue direct appellate review. United States v. Sanders, 247 F.3d 139 (4th Cir. 2001), cert. denied, 534 U.S. 1032 (2001).[3]

---

[2] "The one-year limitation period for filing a motion to vacate based on a right that was newly recognized by the Supreme Court runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactively applicable. Dodd v. United States, ____ U.S.____, 125 S.Ct. 2478 (2005).

[3] In slip opinions, the Western District of Virginia, the Eastern District of Virginia, and the Middle District of North Carolina have extended the rule in Clay v. United States, 537 U.S. 522 (2003)(When a prisoner does not file a petition for writ of certiorari with the United States Supreme Court, the judgment of conviction becomes final when the time for seeking such review expires), to instances were no direct appeal has been filed to determine that the conviction becomes final after the 10 day appeal period has elapsed, not when the judgment is entered. See Hammack v. United States, 2005

Thus, the petitioner's conviction became final on May 30, 2003, and he had until May 30, 2004, to file a §2255 motion. See 28 U.S.C. §2255. At the latest, the petitioner's conviction became final on June 9, 2003, when the 10 day appeal period expired. Thus, if the 10 day appeal period is counted, the petitioner would have had until June 9, 2004, to file a §2255 motion. However, the petitioner did not file his §2255 motion until February 25, 2005. Thus, the petitioner's motion is untimely under subsection 1 of 28 U.S.C. §2255.

The undersigned also notes that by letter dated June 29, 2004, the petitioner filed a motion for permission to file a §2255 motion based on Blakely v. Washington, 524 U.S. 296 (2004), and by letters dated August 1, 2004, August 13, 2004, and October 1, 2004, the petitioner requested counsel to pursue his Blakely issue. However, his motion for permission to file a §2255 motion and his letters requesting appointment of counsel were submitted after the statute of limitations had expired. Thus, they can not be deemed a timely §2255 motion.

However, the petitioner asserts that his motion is timely because the Supreme Court recently decided United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). On the contrary, the undersigned finds that the petitioner's Blakely /Booker claim is not timely under 28 U.S.C. §2255(3).

28 U.S.C. §2255(3) provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

**(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

---

WL 1459767 (W.D. Va. 2005); Langley v. United States, 2005 WL 1114316, *1 (M.D.N.C.2005); and Arnette v. United States, 2005 WL 1026711 (E.D. Va. 2005).

4

Blakely v. Washington, 524 U.S. 296 (2004) as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." Blakely, ___ U.S. ____, 124 S.Ct. at 2537 (citations omitted).

The Supreme Court held that Blakely applies to federal sentencing guidelines. United States v. Booker, ___ U.S.___, 125 S.Ct. 738 (2005). Specifically, in Booker the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal. While the Supreme Court determined that both of its holdings in Booker applied to all cases on direct review, the Supreme Court did not address whether Booker applies retroactively to cases on collateral review.

Moreover, while the Fourth Circuit Court of Appeals has not ruled on the retroactivity of Booker, other circuits have held that Booker does not apply retroactively. See Varela v. United States, 400 F. 3d 864 (11th Cir. 2005); United States v. Price, 400 F. 3d 844 (10th Cir. 2005); McReynolds v. United States, 397 F. 3d 479 (7th Cir. 2005); Humphress v. United States, 398 F. 3d 855 (6th Cir. 2005); Lloyd v. United States, 407 F. 3d 608 (3d Cir. 2005); Guzman v. United States, 404 F. 3d 139 (2d Cir. 2005). Thus, in accordance with these decisions, the Court finds that the petitioner is not entitled to have Booker applied retroactively to his sentence. Therefore, the

petitioner's §2255 motion should be dismissed as being untimely.

The undersigned notes that even if the §2255 motion were timely filed, dismissal would still be recommended because no court of appeals has found that Blakely/Booker applies retroactively to collateral attacks.

### III. APPOINTMENT OF COUNSEL

By letters dated August 1, 2004, August 13, 2004, and October 1, 2004, the petitioner requested counsel to pursue his Blakely issue. Additionally, on March 18, 2005, the petitioner filed a Motion for Appointment of Counsel.

The authority for the Court to appoint counsel in a § 2255 action is discretionary and there is no Constitutional right to have appointed counsel in post conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551 (1987).

A Court may appoint counsel to a financially eligible person if justice so requires in a §2255 action. See 28 U.S.C. §2255; 18 U.S.C. §3006A. Appointment of counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. §3006A, is only required in a §2255 action when necessary for utilization of discovery procedures and when an evidentiary hearing is required. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 cases in the United States District Courts.

The petitioner is not entitled to appointment of counsel because this matter does not require discovery or an evidentiary hearing, because Blakely, now Booker, does not apply retroactively to collaterally attacks.

## III. RECOMMENDATION

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's §2255 motion as being untimely and dismissing the case from the docket. It is also recommended that the court deny the petitioner's motion for counsel.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

Dated: July 25, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE