**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JERRY C. RIGGLEMAN,**

        **Petitioner,**

**v.**                                    **CIVIL ACTION NO. 2:05 CV 17
CRIMINAL ACTION NO. 2:02 CR 14-1
(Maxwell)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

### <u>ORDER</u>

On February 25, 2005, *pro se* Petitioner Jerry C. Riggleman, an inmate at FCI-Cumberland, filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody and a Memorandum In Support thereof. Thereafter, on March 18, 2005, the Petitioner filed a Motion for Appointment of Counsel.

The Petition was referred to United States Magistrate Judge John S. Kaull in accordance Rule 83.15 of the Local Rules of Prisoner Litigation Procedure. After conducting an initial screening and review, United States Magistrate Judge John S. Kaull issued an Opinion/Report And Recommendation on July 25, 2005.

In his Opinion/Report And Recommendation, Magistrate Judge Kaull recommended that the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody be denied as untimely and that the Petitioner's Motion for Appointment of Counsel be denied in light of the fact that the above-styled habeas corpus action does not require discovery or an evidentiary hearing and in light of the fact that neither the <u>Blakely</u> decision nor the <u>Booker</u> decision apply retroactively to collateral attacks.

In his Opinion/Report And Recommendation, Magistrate Judge Kaull provided the Petitioner with ten (10) days from the date he was served with a copy of said Opinion/Report And Recommendation in which to file objections thereto and advised the Petitioner that a failure to timely file objections would result in the waiver of his right to appeal from a judgment of this Court based upon said Opinion/Report And Recommendation. The Court's review of the docket in the above-styled action reveals that no objections to Magistrate Judge Kaull's July 25, 2005, Opinion/Report And Recommendation have been filed by the Petitioner and that this matter is now ripe for review.

Upon consideration of said Opinion/Report and Recommendation, and having received no written objections thereto[1], it is

**ORDERED** that the Opinion/Report And Recommendation entered by United States Magistrate Judge Kaull in the above-styled *habeas corpus* action on July 25, 2005 (Docket No. 79), be, and the same is hereby, **ACCEPTED** in totality, and that the Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody (Docket No. 75) be, and the same is hereby, **DENIED**; and that the Petitioner's Motion for Appointment of Counsel (Docket No. 77) be, and the same is hereby, **DENIED**. It is further

**ORDERED** that the above-styled *habeas corpus* action be, and the same is

---

[1]The failure of a party to objection to a Report And Recommendation waives the party's right to appeal from a judgment of this Court based thereon and, additionally, relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

hereby, **DISMISSED** with prejudice and **STRICKEN** from the docket of the Court.

The Clerk of Court is directed to transmit a copy of this Order to the *pro se*

Petitioner.

**ENTER:** February __27__, 2006

                                                        **/S/ Robert E. Maxwell**
                                                     United States District Judge